UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERON J. WOODS,<br><br>              Petitioner<br><br>v.<br><br>WARDEN OF USP CANAAN,<br><br>              Respondent. | CIVIL ACTION NO. 3:25-CV-01739<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Theron J. Woods ("Woods"), an inmate currently confined at the Federal Correctional Institution Buttner Medium II[1] ("FCI-Buttner Medium II") in North Carolina. (Doc. 1; Doc. 10). Woods asserts that the Bureau of Prisons ("BOP") has failed to properly award him prior jailtime credit. (Doc. 1). Because Woods failed to exhaust his administrative remedies, the Court will dismiss the petition.

---

[1] A § 2241 petition must be filed in the district where the petitioner is in custody. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") While Woods is currently being held at a facility in North Carolina, at the time the petition was filed, he was housed at USP-Canaan (Doc. 1) in Wayne County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b). The relevant consideration is the district of confinement at the time the petition was filed. *See Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990). Therefore, this Court is the proper venue for the action.

I. **BACKGROUND AND PROCEDURAL HISTORY**

In addition to multiple state criminal actions against him, Woods was sentenced to 72 months of imprisonment for possession of a firearm in furtherance of a drug trafficking crime in the Western District of Virginia[2]. (Doc. 10, at 4-5). At the time of filing the petition, he had an projected release date of May 3, 2030, through Good Conduct Time. (Doc. 1, at 3).

Woods filed a letter with the District Court in the Western District of Virgina, which construed the letter as a petition filed pursuant to 28 U.S.C. § 2241 and transferred it to this Court. (Doc. 1; Doc. 2). Woods' letter contends that he his sentence has not been credited for the three years he has already served. (Doc. 1). He also states that his sentence was to include the RDAP program, but he was sent to a prison that does not have that program. (Doc. 1). Woods does not address whether or not he has sought relief through the administrative process. (Doc. 1).

The Court entered an order serving the letter/petition on Respondent on November 14, 2025. (Doc. 6). Following an extension of time, Respondent filed a response on December 22, 2025. (Doc. 10). Respondent argues that Woods's letter/petition must be dismissed because he failed to exhaust his administrative remedies. (Doc. 10). Additionally, Respondent argues that the petition can be dismissed on its merits. (Doc. 10).

The Court finds that he has failed to exhaust his administrative remedies and will dismiss the petition.

---

[2] *United States v. Woods*, No. 4:20-cv-00021-MFU-1, Doc. 84 (W.D. Va. Feb. 22, 2023).

**II. DISCUSSION**

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the Warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See* 28 C.F.R. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *See* 28 C.F.R. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. *See Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982). Furthermore, a district court can conclude that an administrative process is unavailable to a habeas petitioner if "prison administrators thwart inmates from taking

advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 643–44 (2016).

Woods's Administrative Remedy Generalized Retrieval report reveals that he has not filed an administrative remedy request while in BOP custody. (Doc. 10-4). Woods' offers no explanation as to why he has not sought an administrative remedy to address his concerns with either the sentence calculation or the lack of RDAP programming. A case concerning sentencing calculations, such as this, includes factual assertions for which a record could and should have been developed prior to filing a habeas petition in this matter. *See, e.g.*, *Rosario v. Spaulding*, No. 21-1160, 2021 WL 3884343, at *3 (M.D. Pa. Aug. 31, 2021) (while exhaustion may be excused for cases solely raising statutory construction issues, this exception does not apply where a petitioner's request for relief also requires a factual determination as to completed programming and the amount of credits earned). Therefore, the Court will dismiss the petition for failure to exhaust his administrative remedies.

## III. CONCLUSION

For the above stated reasons, the Court will dismiss the petition and close the case. An appropriate order follows.

Dated: February 2, 2026

s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**